United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 14, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41202
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAY HULLETTE MARTIN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-375-ALL
--------------------

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ray Hullette Martin was convicted on his guilty plea to one count of possession with intent to distribute in excess of 100 kilograms of marijuana. The district court sentenced Martin to seventy months' imprisonment and five years' supervised release.

Martin challenges the increase applied to his offense level pursuant to U.S.S.G § 2D1.1(b)(1) for possession of a firearm. He asserts that he demonstrated that it was clearly improbable that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the firearm was connected to the drug offense.  He argues that the district court did not consider his testimony that Martin had tried unsuccessfully to find the gun and believed that it had been stolen and that Martin kept the gun for protection in case of an attempted hijacking of his truck.  Martin argues that the district court applied the increase simply because the Government met its initial burden of proof and established a temporal and spatial relationship between the drugs, the firearm, and the defendant.

Section 2D1.1(b)(1), U.S.S.G., authorizes a two-level increase for a drug-trafficking offense "[i]f a dangerous weapon (including a firearm) was possessed."  The U.S.S.G. § 2D1.1(b)(1) adjustment should be applied if the weapon was present, unless the defendant establishes that it was clearly improbable that the weapon was connected with the offense.  United States v. Jacquinot, 258 F.3d 423, 430-31 (5th Cir. 2001), cert. denied, 534 U.S. 1116 (2002); U.S.S.G § 2D1.1(b)(1), comment. (n.3).  The application of U.S.S.G. § 2D1.1(b)(1) is a factual finding that is reviewed for clear error.  Jacquinot, 258 F.3d at 430.

Martin concedes that at a border patrol checkpoint, a canine agent alerted to his truck, and agents discovered over 1,000 pounds of marijuana in the trailer.  He concedes that the agents discovered an unloaded .380 caliber Lorica handgun, one magazine, and six bullets in a storage compartment beneath the bed in the sleeper area of the tractor.

The district court rejected Martin's testimony as inconsistent. Martin testified that he carried a gun in his truck for protection yet did not know where the gun was stored. Martin testified that he could not find the gun, yet agents apparently easily located both the gun and ammunition inside the sleeper compartment of the truck. The record shows that the district court found, after consideration of Martin's testimony, that the increase applied. Martin has not shown clear error. See Jacquinot, 258 F.3d at 430-31.

Second, Martin contends that the district court lacked jurisdiction and that his conviction is void because the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), rendered 21 U.S.C. § 841 unconstitutional. As Martin concedes, his argument is foreclosed by this court's precedent. United States v. Fort, 248 F.3d 475, 482-83 (5th Cir.), cert. denied, 534 U.S. 977 (2001); United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000).

Accordingly, the judgment of the district court is AFFIRMED.